No. 454.

STATE ex rel. L. A. CORMICK v. S. R. RICHARDSON.

In this suit under the intrusion into office act, the clear explicit language of the twelfth section of the act of the Legislature of the twenty-first of March, 1874, declaring that the mayor of the town of Homer shall receive a salary of five hundred dollars a year with no other fees or emoluments of office, and the other portion of said statute authorizing the mayor to act as justice of the peace, can not, under the allegation that as justice of the peace he is entitled to fees, be so construed as to give jurisdiction of the case to the district court.

APPEAL from the Eleventh Judicial District Court, parish of Claiborne. *Trimble* J. *Egan & Hays*, for relator and appellant. *J. & J. W. Young*, for respondent and appellee.

TALIAFERRO, J. This is a suit brought under the intrusion into office act. It was dismissed by the court below for want of jurisdiction, on the ground that the matter in dispute does not exceed five hundred dollars. The contest is for the mayoralty of the town of Homer. By section twelve of the act of the Legislature of the twenty-first of March, 1874, the salary of the mayor is fixed at "five hundred

dollars and no more, with no other fees or emoluments of office." By this act the mayor is authorized to act as justice of the peace, and on the part of the relator it is argued that in that capacity he would be entitled to fees for services rendered, the amount of his salary and fees as justice of the peace would exceed five hundred dollars, the petition alleging the office to be worth seven hundred and fifty dollars. This construction we think can not be maintained against the clear explicit language used in declaring that the mayor shall receive a salary of five hundred dollars a year, with no other emoluments of office.

Judgment affirmed.